# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

## WINTER TERM, 1857.

Commonwealth *vs.* Crump, &c.                Case 1.

Same *vs.* Erenberg & Bowman.

Same *vs.* Jack & Warner.

Same *vs.* Prewitt & Servant.

Same *vs.* Whitcher.

Same *vs.* Harris, No. 1.

Same *vs.* Same, No. 2.

Same *vs.* Talbot.

Same *vs.* Northcraft & Thurman.

APPEALS FROM VARIOUS CIRCUITS.                INDICTMENTS.

Where the indictment, under the 1*st sec. of the act of* 1854, (*sess. acts* 1853–4, *page* 72,) charges b*etting*, and fails to charge that the thing bet was *received*, judgment can only be rendered for *one hundred dollars;* and this court has no jurisdiction of an appeal from such judgments. (*Civil Code, sec.* 342.)

[The facts of the cases are stated by the court in the opinion.—REP.]

COMMONWEALTH *James Harlan*, Attorney General, for the common-
*vs.*
CRUMP, &c.     wealth—

My impression at first was that this court had not jurisdiction, but upon a careful examination of the statute my doubts upon that subject are removed, as more may be recovered than the $100 fine.

I contend that each of these indictments are good under the provisions of *sec*. 121 *of the Criminal Code*, which only requires "a statement of the acts consti-
' tuting the offense, in ordinary and concise language,
' and in such a manner as to enable a person of com-
' mon understanding to know what is intended."
The charges in these indictments are for betting on the presidential election of November, 1856. The court know judicially the acts of Congress and of our own state upon this subject; and each of the defendants in these cases knew "what is intended," and the offense with which he was charged.

It is not necessary to test these indictments by the forms give n by Mr. Archbold, Mr. Chitty, or any other English law writer. The question is, are they good under the Kentucky Code of Criminal procedure?

Dec. 8, 1857.    Chief Justice WHEAT delivered the opinion of the court.

These nine cases are indictments for betting on the election of president of the United States.

The circuit courts sustained a demurrer to each indictment, and the commonwealth has appealed in each case.

The first question raised in each case is, has this court jurisdiction of the case? If the question should be determined in the negative, no notice need be taken of the other questions raised on the records.

Where the in-
dictment, under
the 1*st sec. of*
*the act of* 1854,
(*sess. acts* 1853-
4, *p.*72,) charges
*betting*, and fails
to charge that

The statute "to prohibit the pernicious practice of betting on elections" was approved March 6th, 1854. (*Session Acts*, 1853–4, *page* 72.) The first section of this act provides, "that if any person or persons shall
' wager or bet any sum of money, or any thing else
' of value, upon any election under the constitution

'and laws of this commonwealth, or the constitution
'and laws of the United States, he or they, so offend-
'ing, shall forfeit and pay the sum of one hundred
'dollars each, to be recovered by indictment in the
'circuit court of the county where the bet is made,
'or in any other county where the party so offending,
'or any of them, may be found; and, in *addition to*
'*the fine aforesaid*, if the person winning shall receive
'the sum of money or other thing so bet, or its value,
'or any thing therefor, the sum of money so receiv-
'ed, or the value of any thing else so received, shall
'be forfeited to the commonwealth, and may be re-
'covered by any appropriate action in the name of
'the commonwealth, before the circuit court, or the
'presiding judge of the county court, wherever the
'offending parties, or any of them may be found.''

Each of the indictments in question was framed
upon the first part of said section, and charges a
*betting* on the election of president of the United
States; no one of the indictments charges that the
winner *received* any money, or other thing bet, or its
value, or any thing therefor. The indictments, as
framed, did not authorize a recovery of the addition-
al penalty or forfeiture imposed by the latter part of
said section; consequently, the recovery in each case,
against each person, was limited to the sum of one
hundred dollars.

*Section* 342, in the Criminal Code of Practice, reg-
ulates the jurisdiction of this court in prosecutions
for misdemeanors, and is in these words: "The court
'of appeals shall have appellate jurisdiction in pros-
'ecutions for misdemeanors, in the following cases
'*only:* where the judgment is for a fine *exceeding* one
'hundred dollars, or for imprisonment exceeding fifty
'days, and where the judgment is for the defendant
'in a case where a fine exceeding one hundred dol-
'lars, or confinement exceeding fifty days, could have
'been inflicted.''

Having seen that each of these indictments was so
framed as to authorize *only* a recovery of the penalty

COMMONWEALTH
*vs.*
CRUMP, &c.

the thing bet
was *received*,
judgment can
only be render-
ed for *one hun-
dred dollars;* and
this court has no
jurisdiction of
an appeal from
such judgment.
(*Civil Code, sec.*
342.)

of one hundred dollars for unlawful betting on the election, in case of conviction, it results that this court has *no jurisdiction of the appeals*, consequently will not decide upon the other questions raised upon the several records.

Wherefore, the several appeals are now dismissed for want of jurisdiction by this court.